UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIMILLIAN SLOLEY,

Plaintiff,

-against-

MS. RUIZ and MS. VALENSKI, in both of their individual and official capacities,

Defendants.

26-CV-7940 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Woodbourne Correctional Facility, brings this action, pro se, under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging that Defendants violated his federal constitutional rights and discriminated against him on the basis of his disability. The Court construes the complaint as also asserting claims under the Rehabilitation Act ("RA"). Plaintiff seeks damages and injunctive relief. By order dated October 20, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court (1) denies Plaintiff's request to bring this action as a class action; (2) adds the State of New York as a defendant under Rule 21 of the Federal Rules of Civil Procedure; and (3) directs service on Defendants.

## DISCUSSION

### A. The Court Denies Plaintiff's Request to Proceed as a Class Action

In the complaint, Plaintiff indicates that he is attempting to bring this action as a class action. *See* ECF No. 1 at 1, 3. As a nonlawyer, however, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir.

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (cleaned up)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that Section 1654 "allow[s] for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself" (internal quotation marks omitted)). For these reasons, a nonlawyer appearing pro se cannot act as a class representative and bring a class action. *Rodriguez v. Eastman Kodak Co.*, 88 F. App' x 470, 471 (2d Cir. 2004) (summary order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *see also Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (dismissing the plaintiff's class action claims because he was "proceeding *pro se* and cannot bring a class action on behalf of others"). The Court therefore denies Plaintiff's request to proceed with this action as a class action without prejudice to Plaintiff reasserting any putative class claims through counsel.

**B. The Court Joins the State of New York as a Defendant**

Under Rule 21, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice"). "In *pro se* actions, courts can and have, under Rule 21, . . . add[ed] the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, 25-CV-10273 (NSR), 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). Doing so reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

To the extent that Plaintiff seeks damages under Title II of the ADA and the RA, it seems

that an appropriate Defendant for such claims is the State of New York. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001) (discussion in the context of Title II of the ADA); *see generally Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) ("[A]lthough there are subtle differences between these [statutes], the standards adopted by Title II of the ADA . . . are generally the same as those required under [the RA] . . . . [U]nless one of those subtle distinctions is pertinent to a particular case, we treat claims under the two statutes identically.").

The Court therefore directs the Clerk of Court to add the State of New York as a Defendant in this action, under Rule 21. The addition of the State of New York as a Defendant in this action is without prejudice to any defenses that the State of New York may assert in this action.

**C. Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases.").

To allow Plaintiff to effect service on Defendants State of New York, Ms. Ruiz, and Ms. Valenski through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes.

**CONCLUSION**

The Court denies Plaintiff's request to bring this action as a class action without prejudice to Plaintiff reasserting his putative class claims through counsel.

The Clerk of Court is directed to add the State of New York as a Defendant under Rule 21 of the Federal Rules of Civil Procedure.

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: October 30, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. State of New York
   Office of the New York State Attorney General
   28 Liberty Street, 16th Floor
   New York, NY 10005

2. Ms. Ruiz, Medical Staff
   Woodbourne Correctional Facility
   99 Prison Road
   Woodbourne, NY 12788

3. Ms. Valenski, Medical Staff
   Woodbourne Correctional Facility
   99 Prison Road
   Woodbourne, NY 12788